[Cite as *Breidenbach v. Wright State Univ. Boonshoft School of Medicine*, 2012-Ohio-6330.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LINDA BREIDENBACH, et al.

Plaintiffs

v.

WRIGHT STATE UNIVERSITY BOONSHOFT SCHOOL OF MEDICINE

Defendant

Case No. 2011-09985

Judge Clark B. Weaver Sr.

JUDGMENT ENTRY

{¶ 1} On August 22, 2012, the court conducted an evidentiary hearing to determine whether Michael Herbenick, M.D., is entitled to civil immunity pursuant to R.C. 2743.02(F) and 9.86. Upon review of the testimony and evidence presented at the hearing, the court makes the following determination.

{¶ 2} R.C. 2743.02(F) states, in part:

{¶ 3} "A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action."

{¶ 4} R.C. 9.86 states, in part:

**{¶ 5}** "[N]o officer or employee [of the state] shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

**{¶ 6}** The Supreme Court of Ohio has held that "in an action to determine whether a physician or other health-care practitioner is entitled to personal immunity from liability pursuant to R.C. 9.86 and 2743.02(F), the Court of Claims must initially determine whether the practitioner is a state employee.  If there is no express contract of employment, the court may require other evidence to substantiate an employment relationship, such as financial and corporate documents, W-2 forms, invoices, and other billing practices. If the court determines that the practitioner is not a state employee, the analysis is completed and R.C. 9.86 does not apply.

**{¶ 7}** "If the court determines that the practitioner is a state employee, the court must next determine whether the practitioner was acting on behalf of the state when the patient was alleged to have been injured. If not, then the practitioner was acting 'manifestly outside the scope of employment' for purposes of R.C. 9.86. *If there is evidence that the practitioner's duties include the education of students and residents, the court must determine whether the practitioner was in fact educating a student or resident when the alleged negligence occurred."*   *Theobald v. Univ. of Cincinnati,* 111 Ohio St.3d 541, 2006-Ohio-6208, ¶ 30-31.  (Emphasis added.)

**{¶ 8}** At all times relevant, Dr. Herbenick was an assistant professor of medicine and director of the orthopaedic surgery residency program at the Wright State University Boonshoft School of Medicine (WSU).  (Defendant's Exhibit C.)   He also provided clinical care to patients at Miami Valley Hospital who were billed through his practice group, the Wright State Physicians, Inc. (WSP).   Dr. Herbenick stated that he had received income from both WSU and WSP.  According to the offer of appointment as an

assistant professor at WSU, Dr. Herbenick's employment was subject to the policies and procedures of the school of medicine, including the bylaws and actions of the board of trustees. (Defendant's Exhibit B.) On August 26, 2009, Dr. Herbenick performed a left total shoulder arthroplasty procedure on plaintiff, Linda Breidenbach.

{¶ 9} Initially, the court finds that Dr. Herbenick's position as an assistant professor at WSU clearly qualifies as state employment. Thus, the issue before the court is whether Dr. Herbenick was acting on behalf of the state at the time when the alleged negligence occurred and, inasmuch as there is evidence that Dr. Herbenick's duties included the education of residents, whether he was in fact educating a resident at the time of the alleged negligence.

{¶ 10} At the hearing, defendant submitted an operation report that listed the medical personnel who were present in the operating room during Linda Breidenbach's August 26, 2009 surgery. (Defendant's Exhibit F.) The report lists Dr. Herbenick as the surgeon and identifies Matthew Noyes, M.D. as the resident surgeon. Dr. Herbenick identified the report and testified that Dr. Noyes was present. Dr. Herbenick admitted that he had no specific recollection of this operation but that, based upon the record, he was assisted by Dr. Noyes who was then a third-year orthopaedic surgical resident. Dr. Herbenick explained that his customary practice was to allow experienced residents such as Dr. Noyes to assist in performing the surgery, including placement of prosthetic devices, retraction, and closure of the surgical site.

{¶ 11} As stated in *Theobold*, supra, "'[i]n many instances, the line between [the physician's] roles (practicing and teaching) is blurred because the practitioner may be teaching by simply providing the student or resident an opportunity to observe while the practitioner treats a patient.'" *Id.* at ¶ 16, quoting *Theobald v. Univ. of Cincinnati*, 160 Ohio App.3d 342, 2005-Ohio-1510, ¶ 34. In affirming the holding of the Tenth District Court of Appeals, the Supreme Court agreed that "the question of scope of employment must turn on what the practitioner's duties are as a state employee and whether the practitioner was engaged in those duties at the time of an injury." *Id.* at ¶ 23. The Court

of Appeals had explained that "anytime a clinical faculty member furthers a student or resident's education, he promotes the state's interest.  Because the state's interest is promoted no matter how the education of the student or resident occurs, a practitioner is acting within the scope of his employment if he educates a student or resident by direct instruction, demonstration, supervision, or simple involvement of the student or resident in the patient's care." *Theobald*, *supra*, 160 Ohio App.3d 342, 2005-Ohio-1510, ¶ 47.

{¶ 12} The *Theobald* decision supports a finding of immunity in situations where a state-employed attending physician is furthering the state's interest by educating a resident who assists in a surgical procedure under the direct supervision of the surgeon. *Id.*  Dr. Herbenick confirmed that he would have been teaching surgical techniques to Dr. Noyes during the procedure.  Based upon Dr. Herbenick's testimony and the operative records, the court finds that a resident was present for the purpose of education and that Dr. Herbenick was furthering the interests of the state in his care and treatment of Linda Breidenbach when the alleged negligence occurred.

{¶ 13} Based upon the totality of the evidence presented, the court concludes that Dr. Herbenick's duties as a state-employed professor in the department of orthopaedic surgery included treating patients at both WSU and at Miami Valley Hospital, and that he was engaged in those duties at the time of the alleged negligence.  Consequently, the court concludes that Dr. Herbenick is entitled to civil immunity pursuant to R.C. 9.86 and 2743.02(F), and accordingly, the courts of common pleas do not have jurisdiction over any civil actions that may be filed against him based upon the allegations in this case.

_____
CLARK B. WEAVER SR.
Judge

cc:

Brian M. Kneafsey, Jr.
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

David M. Deutsch
130 West Second Street, Suite 310
Dayton, Ohio 45402-1534

004
Filed September 10, 2012
To S.C. Reporter January 28, 2013